UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

HAYAT MASUDI, PALWASHA MASUDI,

                        Plaintiffs,

-against-

FORD MOTOR CREDIT COMPANY;
DIBLASI MOTORS, INC.

                        Defendants.

**REPORT AND RECOMMENDATION**
**07 CV 1082 (CBA) (LB)**

----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiffs bring this *pro se* action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Equal Credit Opportunity Act ('ECOA"), 15 U.S.C. § 1691 *et seq.* seeking damages allegedly incurred as a result of defendants' attempts to collect a disputed debt.[1] Defendants[2] move to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Honorable Carol B. Amon, United States District Judge, referred these motions to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that defendants' motions to dismiss should be granted and plaintiffs should be granted twenty days leave to replead their ECOA claim.

---

[1] The Court dismissed all of plaintiffs' claims, *except* those brought under FDCPA and ECOA. See Memorandum and Order dated July 16, 2007.

[2] Defendants Traxx Recovery, K & W Real Estate Service, LLC and Roosevelt Equities Co. were already dismissed from the case. See Memorandum and Order dated March 21, 2007 and July 16, 2007.

## BACKGROUND

On or about June 17 2006, plaintiff Hayat Masudi visited the car dealership of Diblasi Motors, Inc. ("Diblasi") "for the purpose of purchasing a vehicle." Amended Complaint ("Complaint") ¶ 17. Mr. Masudi's application for a loan to purchase the vehicle was denied but Mr. Masudi's wife, Palwasha Masudi, applied and qualified for the car loan. Complaint ¶¶ 20-21. Palwasha Masudi signed a purchase agreement with Diblasi, with financing by Ford Motor Credit Company ("FMCC") "for a new 2007 Ford Freestar automobile ("Vehicle") VIN # 2FMDA52207BA14527." Id. ¶ 22. Mrs. Masudi also signed an agreement for a "service contract/maintenance plan," which she claims she was coerced to sign "having fear if she does not sign it, she will be disqualified for the loan of the vehicle." Id. ¶¶ 23-24. Plaintiffs also allege that the "agent consistently refused to lower the 10.99% 'finance charges' for the vehicle." Id. ¶ 25. Despite these concerns, plaintiffs purchased the vehicle and made installment payments until "on or about November 16, 2006." Id. ¶ 33.

On November 16, 2007, plaintiffs stopped making payments on their vehicle. Plaintiffs allege that "Mr. Masudi discovered the FMCC and Diblasi have long been discriminating against African Americans, Hispanic and minorities in which they pay an additional 'mark up' than similarly situated white customers and that markup is then shared between the dealer and the lender." Id. Plaintiffs also allege that on November 16, 2007, Mrs. Masudi wrote to FMCC and complained about a "discriminatory credit pricing system under which minority pays as much as 50% more in markup non-risk based on discretionary finance charges which is then shared auto dealers with the Defendant." Id. ¶ 34. Plaintiffs contend that defendants never responded to plaintiffs letter and ultimately, their vehicle was repossessed. Id. ¶¶ 35-36.

Plaintiffs allege that defendants' actions violated both the Fair Debt Collection Practices and Equal Credit Opportunity Acts. They seek millions of dollars in damages. Defendants move to dismiss this action and plaintiffs oppose defendants' motions.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007); (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). To survive a motion to dismiss, however, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S. Ct. at 1974. If a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. Nonetheless, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)) (other citations omitted).

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be

taken, or documents either in plaintiff['s] possession or of which plaintiff [ ] had knowledge and relied in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). As all of the documents relied on by plaintiffs are either annexed to their original or amended complaints, the Court considers these documents in deciding the instant motions.

## DISCUSSION

### I. Plaintiff's Fair Debt Collection Practices Act Claim Against Ford Motor Credit Co.

Plaintiffs contend that Ford Motor Credit Company violated the FDCPA by "us[ing] false, deceptive, or misleading representation . . . [by] falsely representing or impl[ying] that nonpayment of a debt will result in the arrest or imprisonment of a person or seizure, garnishment, or attachment of a person property or wages when such action is not lawful[;] threaten[ing] to take action that Defendant does not intend to take, such as filing a lawsuit[;] us[ing] false representations or deceptive means to collect or attempt to collect a debt or to obtain information . . ." Complaint at ¶ 71. Ford Motor Credit Company argues that plaintiffs' FDCPA claims must be dismissed because it is a "creditor" and not a "debt collector" under the FDCPA. The Court agrees.

The FDCPA prohibits the use of "false, deceptive, or misleading representations or means" by a "debt collector" in connection with "the collection of any debt." 15 U.S.C. § 1692(e). Under 15 U.S.C. § 1692(a)(6), a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Under 15 U.S.C. §

4

1692(a)(4), a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." In sum, "creditors" are not considered "debt collectors" under this statute and the provisions of the FDCPA do not apply to them. See Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998).

Ford Motor Credit first argues that its principal business is "mak[ing] installment loans to customers" and that it does not engage in business "the principle purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6); Memorandum of Law in Support of Ford Motor Credit Company's Motion To Dismiss ("Ford Memorandum") at pp. 6-7. Ford Motor Credit also argues that "there is no allegation in the complaint that Ford Credit was attempting to collect on a debt other than its own and thus it cannot be construed as a "debt collector" under the statute. Finally, Ford Motor Credit argues that while the provisions of the FDCPA apply to third party attempts to collect a debt, they do not apply to instances as alleged here, where a company attempts to collect its own debt. 15 U.S.C. § 1692(a)(6); Memorandum of Law at p.7.

Plaintiffs' amended complaint does not allege that Ford Motor Credit attempted to collect any debt "owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Even at the pleading stage, a complaint must set forth sufficient facts to make a claim plausible on its face. Plaintiffs' allegations are insufficient to nudge their FDCPA claims "across the line from conceivable to plausible." Bell Atlantic, 127 S. Ct. at 1974. Accepting all factual allegations in plaintiffs' amended complaint as true, and drawing all reasonable inferences in their favor, see

5

Bell Atlantic, 127 S. Ct. at 1965, Ford Motor Credit Co. is not a "debt collector" under the FDCPA. See Gorham-Dimaggio v. Countrywide Home Loans, Inc., No. 1:05-CV-0583, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005) (granting motion to dismiss finding defendant is not a debt collector under the FDCPA) (unpublished opinion); James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1206 (D. Minn. 1994) (finding that "Ford [Credit] is not subject to FDCPA with respect to its direct attempts to ensure that plaintiffs made payments which were overdue on the loan Ford [Credit] had made to them").

Therefore, Ford Motor Credit's motion should be granted and plaintiffs' FDCPA claim should be dismissed.

## II. Plaintiff's Equal Credit Opportunity Act Claim Against Ford Motor Credit & Diblasi

Plaintiffs' Equal Credit Opportunity Act ("ECOA") claim is based on the following: "[d]efendants' policy or practices that results in Black, Hispanic and minority citizens paying more financing charges and markups than similarly situated white customers (*See* Borlay v. Primus Automotive Financial Services, Inc. and Ford Motor Credit Company No. 3-02-0382). Plaintiffs have been discriminated and suffered damages as a result of Defendants' violation of the ECOA 15 U.S.C. § 1691(a)(1)." Complaint ¶¶ 75, 76.

Under ECOA, it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age . . ." Jones v. Ford Motor Credit Co., No. 00 CIV. 8330 (LMM), 2002 WL 88431 *2 (S.D.N.Y. January 22, 2002), rev'd on other grounds, 358 F.3d 205 (2d Cir. 2004) (quoting 15 U.S.C. § 1691(a)(1)). The ECOA allows for both disparate treatment and

disparate impact actions. Powell v. American General Finance, Inc., 310 F. Supp.2d 481, 487 (N.D.N.Y. 2004). The Court need not address disparate treatment, as plaintiffs were not denied the loan here. Id.

Because plaintiffs invoke Borlay v. Primus Automotive Fin. Servs., 363 F. Supp. 2d 969 (M.D. Tenn. 2005), a class action ECOA case premised on disparate impact, the Court assumes their intention is to plead a disparate impact claim. Under a disparate impact theory, "plaintiff must identify a specific policy or practice which the defendant has used to discriminate and must also demonstrate with statistical evidence that the practice or policy has an adverse effect on the protected group." Powell, 310 F. Supp 2d at 487.

Defendants acknowledge, albeit "[o]nly in the broadest of generalities" that "plaintiffs allege that [defendants] had a policy and practice of marking up the finance charges . . . [y]et nowhere do plaintiffs contend that they were . . . discriminated against based upon this mark-up policy." Ford Memorandum at p. 9. Defendants argue that plaintiffs' amended complaint does not set forth facts or statistics to show how defendants discriminated against *them* and alleges only vague generalities regarding discriminatory practices. Defendants also argue that plaintiffs cannot rely on a settlement agreement in the Borlay case to establish their claims. Diblasi's Memorandum of Law in Reply to Plaintiff's Opposition to Diblasi Motors, Inc.'s Motion to Dismiss ("Diblasi Opp.") at 2-3; Ford Motor Co.'s Reply Memorandum of Law ("Ford Reply") at 1.

The Court agrees that the settlement in the Borlay case does not establish that defendants discriminated against *them*. Borlay was an ECOA class action in the United States District Court for the Middle District of Tennessee against Primus Financial Services, a division of Ford Motor

7

Credit Company, alleging that the company's credit pricing system had a discriminatory impact on African-American automobile purchasers who applied for financing. The <u>Borlay</u> Court entered a Final Judgment and Order Approving The Class Action Settlement on February 26, 2007.[3] However, plaintiffs cannot simply invoke <u>Borlay</u> to state their ECOA claim against defendants.

Plaintiffs here were not part of the <u>Borlay</u> class action and identify themselves as Afghani, not African-American. In addition, while Primus Financial Services is a division of Ford Motor Credit Company, Primus is not a defendant in this action. Simply put, although <u>Borlay</u> may inform plaintiffs' judgment as to what a mark-up is or how the automobile financing business decides loans, it cannot serve as the sole basis for their claim. Their wholly conclusory allegations against defendants cannot sustain their ECOA claim. Plaintiff's amended complaint does not allege a single event, policy or action taken by either of the defendants regarding *plaintiffs'* car loan, nor do plaintiffs allege how the finance charges imposed on *their* loan were discriminatory.[4] The amended complaint simply states that plaintiffs paid their car loan until they learned of the <u>Borlay</u> settlement and thereafter they wrote to Ford Motor Credit Corp. and Diblasi to demand that the finance charges on their loan be reduced. Complaint at 5.

In <u>Powell</u>, the Court held that "[a]lthough a motion for dismissal under 12(b)(6) tests only

---

[3] The Court takes judicial notice that an ECOA class action was settled in the United States Court for the Southern District of New York on February 27, 2007 against Ford Motor Credit Company alleging discrimination against Black and/or Hispanic consumers. See <u>Jones, et al. v. Ford Motor Credit Co.</u>, 00-CV-8330 (S.D.N.Y. February 27, 2007).

[4] Plaintiffs' Opposition is captioned "ANSWERS TO FREQUENTLY ASKED QUESTIONS" and appears to be a "FAQ" sheet distributed to class members in the <u>Borlay</u> case. It does not allege how *plaintiffs* were discriminated against by defendants in the instant action.

the adequacy of a plaintiff's complaint, Defendants are correct in their assertion that Plaintiff alleges no specific policy to support her disparate impact claim." Powell, 310 F. Supp. 2d at 488 (citing to Hack v. President & Fellows of Yale Coll., 237 F.3d 81, 91 (2d Cir. 2000)). Here, like in Powell, plaintiffs fail to allege specific facts in support of their ECOA claim. Therefore, defendants' motion to dismiss for failure to state an ECOA claim should be granted. However, in light of plaintiffs' *pro se* status, and in an abundance of caution, plaintiffs should be afforded twenty days leave from the adoption of this Report and Recommendation to replead their ECOA claims. See Gomez v. Cruz, 202 F.3d 593, 597 (2d Cir. 2000) (*pro se* plaintiff shall be afforded a second chance to replead).

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motions to dismiss should be granted and the complaint should be dismissed. The Court should grant plaintiffs twenty days from the adoption of this Report and Recommendation to file a Second Amended Complaint.[5] If plaintiffs fail to file a second amended complaint within the time allowed, judgment should be entered dismissing the action. Finally, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment entered herein would not be taken in good faith for the purpose of denying plaintiffs *in forma pauperis* status on appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

---

[5] The amended complaint shall be captioned, "SECOND AMENDED COMPLAINT," bear the docket number 07-CV-1082 (CBA)(LB) and shall only contain facts related to plaintiffs' ECOA claim against defendants Ford Motor Credit Company and DiBlasi Motors, Inc.

9

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F. 2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 23, 2008
      Brooklyn, New York